UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HEIDI SONN,
                Plaintiff,

v.

LASHA VALSHVILI; LYFT, INC.; UBER
TEHNOLOGIES, INC.; ZWEI-NY, LLC; and
JOHN DOE,
                Defendants.
--------------------------------------------------------------x

**ORDER**

20 CV 8320 (VB)

      Plaintiff brings this action invoking subject matter jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332(a)(1).

      To invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Thus, 28 U.S.C. § 1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Id.; see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). Specifically, 28 U.S.C. § 1332(a)(1) applies when the dispute is between "citizens of different States."

      "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Id. (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)). "[R]esidence alone is insufficient to establish domicile for jurisdictional purposes." Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019).

      "[A] corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. 1332(c)(1); see also Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010). A limited liability company

1

("LLC") has the citizenship of each of its individual or entity members. Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000).

The complaint alleges plaintiff Heidi Sonn "resides" in California. Plaintiff's residence alone is insufficient to establish her citizenship for purposes of diversity jurisdiction.

The complaint also alleges that defendant Lasha Valashvili "resides" in New York. Again, residence alone is insufficient to establish citizenship for purposes of diversity jurisdiction.

In addition, the complaint alleges Lyft, Inc., and Uber Technologies, Inc., are both "foreign business corporation[s] duly organized and existing under and by virtue of the laws of the State of Delaware." Plaintiff does not allege either entity's principal place of business.

The complaint further alleges defendant Zwei-NY L.L.C., is "a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Delaware." However, it appears from the "L.L.C." abbreviation at the end of its name that it is a limited liability company for which plaintiff must allege the citizenship of each individual or entity member.

Accordingly, by October 15, 2020, plaintiff's counsel shall submit a letter explaining in detail the citizenship of every party in this case so that the Court can determine whether it has subject matter jurisdiction.

Dated:  October 8, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge